UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

NATHAN WENBERG,

    Plaintiff,

v.

DEVEAR, et. al.,

    Defendants.

No. C 13-1951 NJV (PR)

**ORDER OF SERVICE**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court found Plaintiff stated a cognizable claim against Defendant Devear, but dismissed the complaint with leave to amend regarding his medical claims against several other Defendants. (Doc. 8.) Plaintiff has filed an amended complaint. (Doc. 10.)

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

In his first amended complaint, Plaintiff claims that on the date of the incident, Defendants Devear, Doe # 1 and Doe #2 were on duty as correctional officers assigned to Plaintiff's building. He alleges that Defendants Devear and Doe #1 were working in the capacity of Floor Officers, while Defendant Doe #2 was working the Control Booth/Tower post and was responsible for constant visual monitoring of all activity occurring in the building. Plaintiff claims that Defendant Devear, accompanied by Defendant Doe #1 and acting without provocation, sprayed Plaintiff twice with "pepper spray" through the food port of his cell. Plaintiff claims that Defendants Devear and Doe #1 then left Plaintiff in his cell

without assessing his condition and without providing him with decontamination or medical attention for fifteen hours. Plaintiff further alleges that because of the puddles of pepper spray on his cell floor, he slipped and fell, striking his left leg and hip on the steel edge of the lower bunk, thereby injuring his leg. Plaintiff alleges that Defendants Devear, Doe #1 and Doe #2 ignored his cries for help.

"[W]henever prison officials stand accused of using excessive force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992).  When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id. at 7* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The court finds that under these standards, Plaintiff's claims regarding the use of pepper spray states an excessive force claim under the Eighth Amendment against Defendant Devear. The court further finds that Plaintiff's claims that he was left in his cell for fifteen hours without receiving decontamination or medical attention despite his cries for help state medical care claims under the Eighth Amendment against Defendants Devear, Doe #1 and Doe #2.

Plaintiff was given leave to amend regarding his claims that several medical personnel were deliberately indifferent to his serious medical needs in the treatment of his injuries. In his amended complaint, Plaintiff claims that as a result of his fall, he has endured constant moderate to severe pain in his left side, hip and leg, and has experienced a notably diminished function, range of motion and lack of strength in his left leg. Plaintiff claims that he has had a pronounced limp since the date of the incident. Plaintiff further alleges in his amended complaint that he was denied not only initial, but also subsequent medical attention. Plaintiff states he has sought an examination by an orthopedic surgeon and radiological studies beyond the standard X-ray to determine the nature of the injury to his left side and leg. Plaintiff claims that this was denied, and that he received only an X-ray, which he argues is intended to reveal fractures, dislocations, and other gross abnormalities, but is of little use in diagnosing his condition. Plaintiff thus claims that Defendants Gamboa, Krossa and Casusfla have denied an appropriate medical evaluation

4

and subsequent treatment based on that evaluation. Plaintiff claims that these Defendants have therefore been deliberately indifferent to his serious medical needs, which has permanently impacted his daily living activities.

A mere difference as to appropriate medical treatment fails to state an Eighth Amendment claim. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Here, however, Plaintiff alleges that Defendants have essentially given no treatment, because of a refusal to perform diagnostic procedures to determine the nature of Plaintiff's injuries. The court finds that these allegations go beyond a mere disagreement as to appropriate medical treatment, and state a medical care claim under the Eighth Amendment against Defendants Gamboa, Krossa and Casusfla.

**CONCLUSION**

1.  The court finds that the amended complaint states Eighth Amendment excessive force and medical care claims as described above.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint (Docket No. 10) with attachments and copies of this order on Defendants Devear, Gamboa, Krossa, and Casusfla at Salinas Valley State Prison.

3.  In order to expedite the resolution of this case, the Court orders as follows:

    a.  No later than sixty days from the date of service, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    b.  At the time the dispositive motion is served, Defendants shall also serve,

on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file an unenumerated motion to dismiss claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d. If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

        e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September  5 , 2013.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Wenberg1951.serve.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If Defendant files an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If Defendant files a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NATHAN WENBERG, | No. 1:13-CV-1951 NJV |
| Plaintiff, | |
| v. | CERTIFICATE OF SERVICE |
| DEVEAR, et al., | |
| Defendants. | |

I, the undersigned, hereby certify that on September 5, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Nathan Wenberg
T-94174
Salinas Valley State Prison
Facility "A" Bldg 2/138
P.O. Box 1050
Soledad, CA 93960

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas