IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN WENBERG,

    Plaintiff,

v.

CORRECTIONAL OFFICER DEVEAR, et al.,

    Defendants.
_____/

No. C 13-01951 SBA (PR)

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND DIRECTING PLAINTIFF TO PROVIDE REQUIRED INFORMATION NECESSARY TO LOCATE DEFENDANTS DEVEAR AND CASUSFLA**

### I.    Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel in this prisoner civil rights action under 42 U.S.C. § 1983.  (Dkt. 27.)  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981).  The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the complexity of the issues involved.  See Agyeman v. Corrs.

1  Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for
2  appointment of counsel is DENIED without prejudice.[1]

## II.   Unserved Defendants Devear and Casusfla

The Court previously issued an Order of Service, directing the United States Marshal to serve a summons and complaint on Defendants.  Service has been ineffective on SVSP Correctional Officer Devear and Registered Nurse Ronald Casusfla.  As to Defendant Casusfla, the Court has been informed that there is "no record of [that] employee @ SVSP." Dkt. 30.  As to Defendant Devear, the United States Marshal informed the Court that there is "insufficient information to identify [that] def[endant] (require first name or initial)." Dkt. 28.

As Plaintiff is proceeding in forma pauperis ("IFP"), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished.  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994); Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990).  Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service.  When advised of a problem accomplishing service, a pro se litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to effectuate service through no fault of his own, e.g., because Plaintiff failed to provide sufficient information or because the defendant is not where Plaintiff claims, and Plaintiff is informed, Plaintiff must seek to remedy the situation or face dismissal.  See Walker, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served); see also Del Raine v. Williford, 32 F.3d 1024, 1029-31 (7th Cir. 1994) (prisoner failed to show good

---

[1] The Court may of course consider appointing of counsel later in the proceedings; that is, after Defendants have filed their dispositive motion.  At that time, the Court will be in a better position to consider the procedural and substantive matters at issue.  Plaintiff may therefore file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed.

cause for failing to timely effect service on defendant because plaintiff did not provide marshal with copy of amended complaint until after more than 120 days after it was filed).

In the instate case, service has been unsuccessfully attempted by the United States Marshals Service as to the aforementioned Defendants. Accordingly, no later than **twenty-eight (28) days** of the date of this Order, Plaintiff must provide the Court with the required information necessary to locate unserved Defendants Devear and Casusfla, including the full name of Defendant Devear and the current addresses of both Defendants. Failure to do so shall result in the dismissal of all claims against these Defendants. If Plaintiff provides the Court with aforementioned required information, service shall again be attempted. If service fails a second time, all claims against these Defendants shall be dismissed.

IT IS SO ORDERED.

DATED: 5/5/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge