IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NATHAN WENBERG,

    Plaintiff,

v.

CORRECTIONAL OFFICER DEVEAR, et al.,

    Defendants.
_____/

No. C 13-01951 SBA (PR)

**ORDER RE-SERVING DEFENDANT CASUSFLA/CASELCH; GRANTING PLAINTIFF A SECOND EXTENSION OF TIME TO PROVIDE REQUIRED INFORMATION NECESSARY TO LOCATE DEFENDANTS DEVEAR AND CASUSFLA/ CASELCH; AND ADDRESSING REMAINING PENDING MOTION**

    Plaintiff, a state prisoner, filed the present pro se prisoner action pursuant to 42 U.S.C. § 1983. The Court previously reviewed the complaint and issued an Order of Service. The Court was advised that service was ineffective as to Defendants SVSP Correctional Officer Devear and Registered Nurse Ronald Casusfla. As such, on June 26, 2014, the Court ordered Plaintiff to provide it with the required information necessary to locate each of these Defendants. Dkt. 44. He was also informed that the failure to do so would result in the dismissal of all claims against these Defendants.

    On June 30, 2014, Plaintiff filed a document entitled, "Request for Court Order Requiring Salinas Valley State Prison to Give Plaintiff the Correct Information and Correct Names of the Defendants." Dkt. 45. In that filing, Plaintiff has attached a Health Care Services Request Form, which contains that printed name of Defendant Casusfla or "Caselch."[1] (Dkt. 45 at 4.) The Court notes that the printed name on this form is difficult to decipher; however, it should nonetheless assist the SVSP Litigation Coordinator in locating Defendant Casusfla/Caselch. Therefore, the Court directs the Clerk of the Court to re-serve Defendant Casusfla/Caselch and to attach the aforementioned form, as directed below.

    In addition, Plaintiff attached another form entitled, "Inmate/Parolee Request for Interview, Item or Service." (Dkt. 45 at 6.) In the document, under "Supervisor's Review,"

---

[1] In an attempt to decipher Defendant Casusfla's handwriting, Plaintiff suggests "Caselch" as a possible last name for this Defendant. Dkt. 45 at 1.

it is noted that SVSP "do[es] not have [a] correctional officer named Devear in [its] records." (Id.)  Because SVSP prison officials have informed Plaintiff that there is no Defendant Devear who works there, this Court finds that it would be futile to re-serve Defendant Devear again until Plaintiff has provided this Defendant's first name or the correct spelling of his/her last name.  In addition, the Court cannot assist Plaintiff in conducting discovery by ordering SVSP prison officials to provide the correct names of these unserved Defendants.  Therefore, the Court DENIES Plaintiff's "Request for Court Order Requiring Salinas Valley State Prison to Give Plaintiff the Correct Information and Correct Names of the Defendants." Dkt. 45.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," his claims against Defendants Devear and Casusfla/Caselch are subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m).  Plaintiff is directed to provide the Court with the first name of Defendant Devear and the correct last name of Defendant Casusfla/Caselch.  Plaintiff should review the federal discovery rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to obtain the required information necessary to locate these Defendants. Plaintiff has already been given a previous extension of time to do so; however, he has since filed a request for a second extension of time to provide the Court with the required information necessary to locate these Defendants.  Dkt. 46.  Having read and considered Plaintiff's request, and good cause appearing, his request for a second extension of time is GRANTED, as directed below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff's "Request for Court Order Requiring Salinas Valley State Prison to Give Plaintiff the Correct Information and Correct Names of the Defendants" is DENIED. (Dkt. 45.)

2.  The Clerk of the Court is directed to re-serve Defendant Casusfla/Caselch with a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint (Dkt. 10), and a copy of the aforementioned Health Care Services Request Form (Dkt. 45 at 4), with a notation to have the Litigation Coordinator pay special attention to the printed name of Defendant Casusfla/Caselch at the bottom of the form.

3.  The time in which Plaintiff may provide the Court with the required information necessary to locate Defendants Devear and Casusfla/Caselch will be extended up to and including **September 12, 2014.** Failure to do so by the new deadline shall result in the dismissal of all claims against these Defendants, unless the Clerk's second attempt to serve Defendant Casusfla/Caselch is successful. If service of Defendant Casusfla/Caselch fails a second time, the Court will dismiss this Defendant pursuant to Rule 4(m).

4.  This Order terminates Docket nos. 45 and 46.

IT IS SO ORDERED.

DATED: 8/11/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge