UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NATHAN WENBERG,<br>　　　　Plaintiff,<br>　　v.<br>CORRECTIONAL OFFICER P. DELVILLAR,<br>　　　　Defendant. | Case No: C 13-1951 SBA (PR)<br>**ORDER SETTING BRIEFING SCHEDULE** |

　　　　Plaintiff Nathan Wenberg, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed the instant action pursuant to 42 U.S.C. § 1983. The operative complaint is Plaintiff's First Amended Complaint ("FAC"). Upon screening the FAC, the Court found the following Eighth Amendment claims cognizable: (1) an excessive force claim against Defendant SVSP Correctional Officer P. Delvillar stemming from his use of pepper spray on Plaintiff on July 31, 2011; (2) a deliberate indifference to medical needs claim against Defendants Delvillar, Doe #1, and Doe # 2 for failing to decontaminate Plaintiff; and (3) a deliberate indifference to medical needs claim against Defendants SVSP Physician L. Gamboa and Registered Nurses J. Krossa and R. Casusfla for denying Plaintiff an appropriate medical evaluation of his alleged slip-and-fall injuries.

　　　　On February 6, 2015, the Court granted summary judgment as to the deliberate indifference claim against Defendants Gamboa, Krossa, and Casusfla. Dkt. 55. In the same order, the claims against Defendants Doe #1 and Doe #2 were dismissed from the action without prejudice. Id. at 8. Plaintiff was instructed that, in the event he is able to learn these Defendants' identities through discovery, he may move to file a second amended complaint to add them as named defendants. Id.

　　　　The Eighth Amendment claims against Defendant Delvillar are the only remaining claims in this action. Because Plaintiff initially incorrectly identified Defendant Delvillar as "Devear," service was only recently accomplished on this Defendant when he returned his

Waiver of Service of Summons form on May 6, 2015.  Dkt. 62.  This case has been pending for two years and there is no reason for further delay.  Therefore, the parties shall abide by the following briefing schedule:

    1.    Defendant Delvillar shall file with the Court and serve on Plaintiff an answer to the FAC no later than **June 15, 2015**.

    2.    No later than **sixty (60) days** from the date the answer is due, Defendant Delvillar shall file a motion for summary judgment, which must be accompanied by a Rand[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012).  If Defendant Delvillar is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the summary judgment motion deadline.  All papers filed with the Court shall be promptly served on Plaintiff.

    3.    Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendant Delvillar no later than **twenty-eight (28) days** after Defendant Delvillar's motion is filed.  Plaintiff shall refer to the Court's September 5, 2013 Order of Service for a further explanation on summary judgment.  Dkt. 11 at 8.

    4.    Defendant Delvillar shall file a reply brief no later than **fourteen (14) days** after the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    5.    Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

    IT IS SO ORDERED.

Dated: 5/13/15

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.13\Wenberg1951.DelVillarSchedOrder.docx

---

[1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).