UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NATHAN WENBERG,<br><br>    Plaintiff,<br><br>v.<br><br>P. DELVILLAR, et al.,<br><br>    Defendants. | Case No. 13-cv-01951-SBA (NJV)<br><br>**REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION TO ENFORCE SETTLEMENT**<br><br>Re: Dkt. No. 75 |

Senior District Judge Saundra Brown Armstrong has referred Defendant's Motion to Enforce Settlement Agreement to the undersigned for a report and recommendation. (Doc. 80.) For the reasons stated below, the court recommends that Senior Judge Armstrong grant Defendant's motion.

**BACKGROUND**

Plaintiff Nathan Wenberg, acting pro se, and Defendant Delvillar, represented by Defense Counsel Susan Coleman, appeared at a settlement conference before the undersigned on July 27, 2015. (Doc. 70.) Plaintiff Wenberg appeared by telephone and Defense Counsel Coleman, along with CDCR Staff Counsel Christina Johansen, appeared in person. An agreement was reached at the settlement conference whereby Plaintiff Wenberg agreed to dismiss his case against Defendant in exchange for the sum of $7,250. See Doc. 75-1, Decl. of Susan E. Coleman, para. 5. The court recorded the terms of the settlement agreement as follows:

    Judge Vadas:    All right. It is my understanding that the parties have reached a resolution, is that correct, Ms. Coleman?

    Coleman:    Yes, your Honor.

> Judge Vadas: All right. It is my understanding that for the sum of $7,250 paid to Mr. Wenberg, Mr. Wenberg will dismiss his suit against the State of California and Officer Delvillar in this action in total. Is that correct, Mr. Wenberg?
>
> Wenberg: Yes, your Honor.

Doc. 75-1, Ex. A.

After the settlement conference, Defense Counsel Coleman sent plaintiff a Settlement Agreement and Release, a Payee Data form, and a Stipulation of Voluntary Dismissal, memorializing the terms of the settlement on which the parties had agreed. On August 25, 2015, just before a scheduled status conference regarding the settlement, Defense Counsel Coleman received a note from Plaintiff, sent by the Litigation Coordinator at Salinas Valley State Prison. Doc. 75-1, Declar. of Susan E. Coleman, para. 8-9. Attached as Exhibit D to Coleman's Declaration is a copy of the note she received from Plaintiff Wenberg. It reads as follows:

> All Medical Issues that were agreed upon during previous settlement hearing where [sic] left out & Defendant was to pay/payback all fees & costs that I had to incumber [sic] during my process of this 1983 & I was under the impression that Defendants would be paying the restitution fine sepret [sic] from the $7250.00.

The note is signed "Wenberg T.94174."

On August 27, 2015, Plaintiff filed a request for judicial notice regarding the settlement conference in which he states in part:

> At said conference, an agreement was reached between parties that stipulated:
>
> 1) That Plaintiff's entire restitution obligations to and for the state of California and any nexus of said restitution be completely satisfied;
>
> 2) and that Plaintiff would receive $7,000.00;
>
> 3) and that Plaintiff would receive specific medical treatment to be outlined in the final settlement agreement inter alia.

Doc. 72.

//

1    On September 28, 2015, Defendant filed the Motion to Enforce Settlement Agreement now
2 pending before the court.  (Doc. 75.)  Plaintiff opposes the Motion.  (Doc. 76.)

**DISCUSSION**

4    The court held a hearing on Defendant's Motion on December 8, 2015.  (Doc. 79.)  At the
5 hearing, the court reviewed the terms of the settlement agreement with the parties and confirmed
6 that the terms were as stated on the record on July 27, 2015, and did not include the further terms
7 that Plaintiff now seeks.  (*Id.,* FTR Time 2:04-2:29.)
8    A district court has inherent authority to enforce a settlement agreement in a case pending
9 before it.  *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986).  The district court
10 has authority to award damages for failure to comply with the settlement agreement, and breach of
11 the agreement entitles the nonbreaching party to specific performance or an award of damages
12 against the party in breach.  *Id*.
13    In order to be enforced, the settlement agreement must meet two requirements.  First, the
14 agreement must be complete.  *Callie v. Near*, 829, F.2d 888, 890 (9th Cir. 1987).  Second, both
15 parties must have either agreed to the terms of the settlement or authorized their respective counsel
16 to settle the dispute.  *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cr. 1977).
17 Both of these requirements are met in the present case.
18    At the motion hearing on December 8, 2015, the court found that Plaintiff would not agree
19 to comply with the terms of the settlement, and returned the matter to the district judge for
20 enforcement.  (Doc. 79.)  Under the authority set forth above, Defendant, the nonbreaching party,
21 is entitled to specific performance of the settlement agreement.
22    Accordingly, the court HEREBY RECOMMENDS that Senior District Judge Armstrong
23 GRANT Defendant's motion for enforcement of the settlement.

25    Any party may file objections to this report and recommendation with the district judge
26 within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);
27 Civ. L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the
28 district court.

1      **IT IS SO ORDERED**.

3   Dated: January 22, 2016

_____
NANDOR J. VADAS
United States Magistrate Judge